# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER MCKENZIE,<br><br>Plaintiff,<br><br>v.<br><br>R. HERNANDEZ, et al.,<br><br>Defendants. | Civil No.   09-2631-H(WVG)<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR COURT ORDER DIRECTING CALIFORNIA DEPARTMENT OF CORRECTIONS TO SUPPLY PLAINTIFF WITH DEFENDANT JUDD'S CURRENT ADDRESS; AND**<br><br>**(2) GRANTING AN EXTENSION OF TIME TO SERVE DEFENDANT JUDD PURSUANT TO FED.R.CIV.P. 4(m)**<br><br>**[Doc. No. 6]** |

On November 19, 2009, Alexander McKenzie ("Plaintiff"), a state prisoner currently incarcerated at the California State Prison in Coalinga, California, and proceeding *pro se,* filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint alleges that officials at Donovan State Prison were deliberately indifferent to his medical needs.  On December 21, 2009, the Court found that the claims in Plaintiff's Complaint were sufficient to survive the initial screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and directed the United States Marshal Service ("USMS") to effect service on Plaintiff's behalf pursuant to 28 U.S.C.

1  § 1915(d) and FED.R.CIV.P. 4(c)(3). *See* Order Directing Service, *McKenzie v. Hernandez*, et
2  al., Civil Case No.09-2631-H(WVG) (S.D. Cal. Dec. 21, 2008) [Doc No. 3].

3  On the following day, the Clerk issued a summons and prepared an "IFP package,"
4  including certified copies of Plaintiff's Complaint, a U.S. Marshal Form 285 ("USMS Form
5  285") for each Defendant named in the Complaint, and a copy of the Court's Order granting
6  Plaintiff leave to proceed IFP. *See Puett v. Blandford*, 895 F.2d 630, 634 (9th Cir. 1990) ("An
7  incarcerated pro se plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal
8  for service of summons and complaint."); 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(a), (c)(3).

9  A summons was returned unexecuted as to Defendant Judd [Doc. No 5]. According to
10 the USMS, it was informed by the litigation coordinator at Donovan State Prison that Defendant
11 Judd was not employed at that institution. Therefore, Plaintiff now moves the Court for the
12 California Department of Corrections to provide him with Defendant Judd's current address. The
13 California Department of Corrections has refused to give Plaintiff Defendant Judd's current
14 address.

15

16 **I.     FED.R.CIV.P. 4 Service Rules**

17 Rule 4 of the Federal Rules of Civil Procedure provides that:

18 > [i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff
19 > – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the
20 > plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

21

22 FED.R.CIV.P. 4(m).

23 In cases involving a plaintiff proceeding IFP, a United States Marshal, upon order of the
24 court, shall serve the summons and the complaint. FED.R.CIV.P. 4(c)(3); 28 U.S.C. § 1915(d).
25 "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S.
26 Marshal for service of the summons and complaint and ... should not be penalized by having his
27 action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed
28 to perform his duties.'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett*,

2

912 F.2d at 275), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause....'" *Walker*, 14 F.3d at 1422 (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. *Walker*, 14 F.3d at 1421-22; *see also Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) (noting that plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge"). Here, because Plaintiff has not yet been able to ascertain the proper location where Defendant Judd may now be served, he must remedy the situation or face dismissal of his claims against Defendant Judd. *See Walker*, 14 F.3d at 1421-22 (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

    Accordingly, as long as Defendant Judd's current and/or forwarding addresses can be easily ascertained by reference to the CDCR's personnel records, Plaintiff is entitled to rely on the U.S. Marshal to effect service upon Defendant Judd on his behalf. *See Puett*, 912 F.2d at 275. The Court hereby directs the Deputy Attorney General assigned to this case to contact either the Litigation Coordinator at Donovan State Prison or the CDCR's Legal Affairs Division, if necessary, and provide Defendant's Judd's current and/or forwarding address within the CDCR's records or possession, and to forward that address to the USMS in a confidential memorandum.

## II.    Conclusion and Order

    Accordingly, the Court hereby:

    **GRANTS in part and DENIES in part** Plaintiff's Motion and **ORDERS** the Deputy Attorney General assigned to this case to provide the forwarding address for Defendant Judd to the U.S. Marshal in a *confidential memorandum* indicating that the summons and complaint is

to be delivered to that address. The Attorney General shall provide the U.S. Marshal with any such information on or before **March 24, 2010.**

Within thirty (30) days of receipt of any available address from the Attorney General, the Court **ORDERS** the U.S. Marshal to serve a copy of Plaintiff's Complaint and summons upon Defendant Judd. All costs of service shall be advanced by the United States pursuant to the Court's December 21, 2009 Order granting Plaintiff leave to proceed IFP and directing service pursuant to 28 U.S.C. § 1915(d) and FED.R.CIV.P. 4(c)(3) [Doc. No. 3].

**IT IS FURTHER ORDERED** that the Clerk of the Court provide a copy of: (1) the Court's December 21, 2009 Order [Doc. No. 3]; (2) this Order; (3) the Complaint, summons and a blank U.S. Marshal Form 285 to the Attorney General for purposes of re-attempting service as to Defendant Judd.

**IT IS SO ORDERED.**

DATED:  February 23, 2010

Hon. William V. Gallo
U.S. Magistrate Judge