**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEXANDER McKENZIE,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br>R. HERNANDEZ, H.J. JUDD, DR. CHU, JOHN DOE #1,<br><br>　　　　　　　　　　Defendants. | **CASE NO. 09-CV-2631-H (WVG)**<br><br>**ORDER GRANTING MOTION TO DISMISS** |

On November 19, 2009, Plaintiff Alexander McKenzie ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against officials at R. J. Donovan State Prison, alleging violations of his Eighth and Fourteenth Amendment rights. (Doc. No. 1.) On March 8, 2010, Defendants R. Hernandez and Dr. Choo (erroneously sued as Dr. Chu) filed a motion to dismiss the complaint. (Doc. No. 15.) On July 19, 2010, this Court granted the motion to dismiss without prejudice and allowed Plaintiff to file an amended complaint. (Doc. No. 22.)

On September 27, 2010, Plaintiff filed his First Amended Complaint ("FAC") alleging violations of his Eighth and Fourteenth Amendment rights. (Doc. No. 27.) On October 18, 2010, Defendants filed a motion to dismiss the FAC. (Doc. No. 28.) On December 8, 2010, Plaintiff filed a response in opposition to Defendants' motion. (Doc. No. 34.) On December 27, 2010, Defendants filed a response to Plaintiff's opposition to motion. (Doc. No. 39.)

**BACKGROUND**

Plaintiff alleges he sustained an injury to his head when he slipped on debris at his assigned inmate work site on May 21, 2004. (Doc. No. 27 at 3.) Plaintiff complains about his subsequent medical care and inmate 602 appeal, and alleges three causes of action against Defendants: (1) deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment, (2) an unsafe work environment constituting cruel and unusual punishment in violation of the Eighth Amendment, and (3) failure to timely address inmate 602 appeals in violation of the Fourteenth Amendment.[1]  (Doc. Nos. 1 at 3–5, 27 at 2.)

**DISCUSSION**

**I. Legal Standard**

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Lazy Y. Ranch v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 554. A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 554 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–36 (3d ed. 2004)).

Generally, the allegations in the complaint are accepted as true and construed in the light most favorable to the plaintiff. Sprewell v. Golden State Warriors, 266 F.3d 979, 988

---

[1] Plaintiff presents an argument in his amended complaint regarding a violation of due process under the Fourth Amendment. (Doc. No. 27 at 2.) However, the amended complaint does not state any facts supporting a Fourth Amendment violation and the Plaintiff does not raise a Fourth Amendment claim. Accordingly, the Court does not address the nonexistent claim.

(9th Cir. 2001). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim. Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir.1996); see Twombly, 550 U.S. at 555.

In addition, factual allegations asserted by pro se petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Thus, where a plaintiff appears in propria persona in a civil rights case, the Court must construe the pleadings liberally and afford plaintiff any benefit of the doubt. See Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). Nevertheless, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

**II. Eighth Amendment Claims**

    **A.    Plaintiff Fails to State a Claim for Deliberate Indifference to Medical Needs**

Plaintiff's first cause of action against Defendants is for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment.

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104–05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's known serious medical needs. Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000). To establish deliberate indifference, an individual defendant must have "purposefully ignore[d] or fail[ed] to respond to a prisoner's pain or possible medical need." McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992) overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997). "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." Id. at 1059. "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Or. State Welfare Div., 662 F.2d 1337, 1344 (9th Cir.

1   1981). Furthermore, where a prisoner alleges that delay of medical treatment evinces
2   deliberate indifference, the prisoner must show that the delay caused "significant harm and that
3   Defendants should have known this to be the case." Hallett, 296 F.3d at 745–46; see
4   McGuckin, 974 F.2d at 1060. Mere delay of medical treatment, "without more, is insufficient
5   to state a claim of deliberate medical indifference." Shapley v. Nev. Bd. of State Prison
6   Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

7   This Court previously dismissed Plaintiff's deliberate indifference claim because his
8   conclusory allegations were insufficient to raise his right to relief above the speculative level.
9   (Doc. No. 22 at 5.) Although Plaintiff alleges additional facts in his amended complaint, these
10  facts still do not indicate that Defendants knew of any delay of Plaintiff's medical treatment.
11  Plaintiff alleges he had conversations with Defendants and submitted various forms and
12  appeals requesting medical treatment. (Doc. No. 27 at 3–5.) However, these conversations
13  and requests occurred after Plaintiff alleges he had already received emergency medical
14  attention. Therefore, Plaintiff's allegations are insufficient to support the conclusion that
15  Defendants were actually aware of any alleged delay in Plaintiff's medical treatment

16  Additionally, the facts Plaintiff allege indicate that he received numerous examinations,
17  consultations, tests, pain medications, and treatment following his initial injury. Plaintiff's
18  desire for treatment other than that which he received does not support a deliberate indifference
19  claim because questions of additional diagnostic techniques or other forms of treatment are
20  matters of medical judgment, and do not form the basis of a § 1983 claim. See Franklin, 662
21  F.2d at 1344; Estelle, 429 U.S. at 107.

22  Furthermore, to the extent that Plaintiff has alleged any delay in treatment, the
23  allegation is insufficient to support an Eighth Amendment violation because Plaintiff does not
24  allege the delays caused him significant harm. Plaintiff alleges that he suffered from
25  headaches and back pains until Dr. Delaney prescribed an alternative pain medication, Maxalt
26  MLT, on October 23, 2006. (Doc. No. 27 at 5–6.) Although Plaintiff alleges that his previous
27  medication was harmful, Dr. Delaney's diagnosis and prescription only states that Maxalt MLT
28  is a "reasonable alternative" and does not state that the previous prescription was erroneous

or medically harmful. (Doc. No. 27 at 32.) Any delay Plaintiff experienced before receiving additional medical attention did not substantially harm Plaintiff's treatment, because the only remedy immediately available was painkillers, which Plaintiff alleges he was already receiving. See Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990) (concluding that delay did not harm treatment when "the only remedy immediately available was a prescription for painkillers"). Although Plaintiff alleges he complained that the Tylenol he was receiving was ineffective, this allegation amounts only to a difference of opinion between plaintiff and the prison medical authorities regarding his treatment, and does not support a deliberate indifference claim. See Franklin, 662 F.2d at 1344. Plaintiff has received medical treatment and his allegations show only that he has not been receiving the kind and quality of medical treatment he believes is indicated. A difference of opinion between a prisoner patient and prison medical authorities as to what treatment is proper and necessary does not give rise to a § 1983 claim.

Plaintiff's conclusory allegations that Defendants were deliberately indifferent to his known medical needs are insufficient to raise his right to relief above the speculative level. See Twombly, 550 U.S. at 555. Accordingly, Plaintiff is unable to cure the defects in his original Complaint and the Court **GRANTS** Defendants' motion to dismiss Plaintiff's Eighth Amendment claim for deliberate indifference to Plaintiff's medical needs.

**B. Plaintiff Fails to State a Claim for Unsafe Work Conditions**

This Court previously dismissed Plaintiff's claim for unsafe work conditions because he failed to allege that Defendants knew of and disregarded an excessive risk to his safety. (Doc. No. 22 at 6.) In his amended complaint, Plaintiff does not allege any facts supporting his claim for unsafe work conditions under the Eighth Amendment. Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Civil Local Rule 15.1 requires that an amended complaint be complete in itself without reference to the superseded pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.1967). Once plaintiff files an amended complaint, the original pleading no longer serves

1  any function in the case.  Therefore, in an amended complaint, as in an original complaint,
2  each claim and the involvement of each defendant must be sufficiently alleged.  Accordingly,
3  the Court **GRANTS** Defendants' motion to dismiss Plaintiff's Eighth Amendment claim for
4  unsafe work conditions.

5  **III.  Fourteenth Amendment Claims**

6  Plaintiff alleges he suffered a due process violation based on Defendants' failure to
7  timely address his inmate 602 appeal.  (Doc. No. 27 at 2); see Cal. Code Regs. tit. 15, **§** 3084
8  (2010) (listing time limits for various levels of departmental responses to appeals).  To the
9  extent that Plaintiff has alleged that Defendants violated title 15, section 3084 of the California
10 Code of Regulations, he has not stated a Fourteenth Amendment claim.

11 To state a procedural due process claim, Plaintiff must allege: "(1) a liberty or property
12 interest protected by the Constitution; (2) a deprivation of the interest by the government; [and]
13 (3) lack of process."  Wright v. Riveland, 219 F.3d 905, 913 (9th Cir. 2000).  The Ninth Circuit
14 has held that prisoners have no protected property interest in an inmate grievance procedure
15 arising directly from the Due Process Clause.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir.
16 1988) (holding that the due process clause of the Fourteenth Amendment creates "no legitimate
17 claim of entitlement to a [prison] grievance procedure").  Although a liberty interest can arise
18 from state law or prison regulations, due process protections are implicated only if Plaintiff
19 alleges facts showing Defendants:  (1) restrained his freedom in a manner not expected from
20 his sentence, and (2) "impose[d] atypical and significant hardship on [him] in relation to the
21 ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995); Neal v.
22 Shimoda, 131 F.3d 818, 827–28 (9th Cir. 1997); see Meachum v. Fano, 427 U.S. 215, 223–27
23 (1976).

24 This Court previously dismissed Plaintiff's due process claim because he failed to plead
25 sufficient facts.  (Doc. No. 22 at 7.)  In his amended complaint, Plaintiff only makes a single
26 conclusory statement that Defendants deprived him of a protected liberty interest by failing to
27 respond to his inmate 602 prison grievances.  (Doc. No. 27 at 2–3.)  Again, Plaintiff pleads no
28 facts suggesting the allegedly untimely review and consideration of his 602 appeal amounted

to a restraint on his freedom not contemplated by his original sentence or how it resulted in an "atypical and significant hardship." See Sandin, 515 U.S. at 483–84. Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's Fourteenth Amendment claim.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants Hernandez and Choo's motion to dismiss Plaintiff's complaint.

**IT IS SO ORDERED.**

DATED: January 28, 2011

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT